98 F.3d 1336
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Louie Clement CAFFEY, Defendant-Appellant.
 No. 96-4145.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 3, 1996.
Decided Oct. 16, 1996.
 
 K.E. Krispen Culbertson, Greensboro, North Carolina, for Appellant. Walter C. Holton, Jr., United States Attorney, Richard S. Glaser, Jr., Assistant United States Attorney, Gill P. Beck, Assistant United States Attorney, Lynne P. Klauer, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.
 M.D.N.C.
 AFFIRMED.
 Before ERVIN, LUTTIG, and MICHAEL, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Louie Clement Caffey pleaded guilty to possession with attempt to distribute marijuana in violation of 18 U.S.C. § 841(a)(1) (1994). On appeal, he attacks his conviction on the grounds that the district court erred by failing to grant his "Motion to Vacate Guilty Plea for Double Jeopardy and Motion to Dismiss." Caffey contended a federal conviction following a state seizure of his property constituted double jeopardy. Because Caffey's conviction does not violate the Double Jeopardy Clause, we affirm the conviction.
 
 
 2
 Caffey's prosecution was not barred by the Double Jeopardy Clause, because the state of North Carolina seized his property for failure to pay state taxes on controlled substances in his possession. Even if the seizure was punitive, federal and state governments may prosecute a defendant for the same conduct without violating the dual sovereignty doctrine, unless one sovereign is merely acting as a tool of the other. United States v. Pena, 67 F.3d 153, 156 (8th Cir.1995) (citation omitted); see also Bartkus v. Illinois, 359 U.S. 121, 123-24 (1959) (cooperation of federal law enforcement officers with state law officials does not violate the Double Jeopardy Clause). There was no showing here that federal officials were manipulated by state officials in prosecuting Caffey. Thus, as this is Caffey's sole issue on appeal, we affirm Caffey's conviction.
 
 
 3
 We dispense with oral argument because the facts and legal contentions are adequately presented in the record and briefs, and oral argument would not aid the decisional process.
 
 AFFIRMED